UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:20-CV-00081-HBB

**MELANIE BELCHER**  **PLAINTIFF**

**VS.**

**ANDREW SAUL, COMMISSIONER**
**SOCIAL SECURITY ADMINISTRATION**  **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Before the Court is the complaint (DN 1) of Melanie Belcher ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g).  Both the Plaintiff (DN 13) and Defendant (DN 19) have filed a Fact and Law Summary.  For the reasons that follow, the final decision of the Commissioner is **AFFIRMED,** and judgment is **GRANTED** for the Commissioner.

Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 11).  By Order entered November 13, 2020 (DN 12), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted.  No such request was filed.

FINDINGS OF FACT

On September 15, 2016, Plaintiff protectively filed an application for Disability Insurance Benefits (Tr. 10, 180-82, 183-89).  Plaintiff alleged that she became disabled on December 1, 2015, as a result of arthritis, labral tears in both hips, chronic pain, herniated disc, disc degeneration, spinal stenosis, bulging disc, and limited range of motion (Tr. 10, 86, 99, 219-20). Her application was denied at the initial level on January 13, 2017 and at the reconsideration level on March 10, 2017 (Tr. 10, 85-95, 96, 97, 98-108).  Plaintiff filed a written request for a hearing on April 14, 2017 (Tr. 10, 124-25).  Administrative Law Judge Maribeth McMahon ("ALJ") conducted a video hearing from Paducah, Kentucky (Tr. 10, 32).  Plaintiff and her counsel, Sara Martin Diaz, participated by video from Owensboro, Kentucky (Id.).[1]  Teresa Wolford, an impartial vocational expert, testified telephonically during the hearing (Id.).

In a decision dated March 20, 2019, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 10-16).  The ALJ began by finding that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2021 (Tr. 12).  At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since December 1, 2015, the alleged onset date (Id.).  At the second step, the ALJ determined that Plaintiff has the following severe impairments: mild degenerative disc disease (DDD), osteoarthritis (OA) of the hips and knees, and diverticulitis (Id.).  The ALJ also determined that Plaintiff's thyroid disorder and high cholesterol are "non-severe"

---

1 At first blush, the hearing transcript and the ALJ's decision seem to provide conflicting information about where Plaintiff appeared for the hearing (*see* Tr. 10 and Tr. 32).  In the transcript, the ALJ indicates that Plaintiff "appears in person with her counsel" (Tr. 32).  This comment suggests that Plaintiff attended the hearing in Paducah, Kentucky. But the ALJ's decision indicates Plaintiff appeared in Owensboro, Kentucky, and the ALJ presided over the hearing from Paducah, Kentucky (Tr. 10).  Further, the transcript includes comments by the ALJ suggesting that the hearing reporter, Plaintiff, and Plaintiff's counsel at a different location (Tr. 32-84).  After considering the above information, the Court concludes the ALJ's decision more accurately depicts what occurred.

impairments, and her attention deficit disorder is not a medically determinable impairment (Tr. 12-13). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 13).

At the fourth step, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 CFR § 404.1567(b) except: she can never climb ladders, ropes, and scaffolds; she can occasionally climb ramps and stairs, and occasionally stoop, kneel, crouch, and crawl; she can balance frequently; and she should avoid concentrated exposure to vibration, unprotected heights, or dangerous machinery (Id.). The ALJ relied on testimony from the vocational expert to find that Plaintiff is capable of performing her past relevant work as a customer order clerk (Tr. 16). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from December 1, 2015, through the date of the decision, March 20, 2019 (Id.).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 178-79). The Appeals Council denied Plaintiff's request for review (Tr. 1-3).

CONCLUSIONS OF LAW

Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when

a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-3). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the ALJ's decision and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993).

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923

(6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. See "Evaluation of disability in general," 20 C.F.R. § 404.1520. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the RFC to return to his or her past relevant work?

5) Does the claimant's RFC, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fourth step.

<u>Finding No. 5</u>

1. Arguments of the Parties

Plaintiff argues there was not substantial evidence to support the ALJ's finding that Plaintiff's RFC would have allowed her to perform her past relevant work (DN 13; DN 13-1 PageID # 2282-84). Plaintiff contends the ALJ never thoroughly considered her testimony regarding the pain, symptoms, and limitations imposed by her conditions (Id. citing Tr. 51-52, 53). Further, Plaintiff indicates the ALJ should have recognized her more than 22 years at Swedish Match as evidence of her work ethic and determination (Id.). Plaintiff also contends the ALJ erred

by not properly considering that her orthopedic surgeon, Dr. Kregor, wanted the H-Pylori bacterial infection resolved before performing hip replacement surgery (DN 13; DN 13-1 PageID # 2284-87). Further, Plaintiff points out that records from the infectious disease specialist, Dr. Frazee, and the gastrointestinal specialist, Dr. Cai Wen, indicate the H-Pylori bacterial infection persisted despite treatment (Id.).

Defendant begins by pointing out that the ALJ cannot find Plaintiff disabled based solely on her subjective complaints (DN 19 PageID # 2312-19, citing 20 C.F.R. § 404.1529). Defendant asserts that the ALJ properly evaluated Plaintiff's subjective symptoms and reasonably concluded Plaintiff's statements were not entirely consistent with the record evidence (Id. citing 20 C.F.R. § 404.1529(c); SSR 16-3p, 2017 WL 5180304 at *7-8 (March 16, 2016)). Further, the ALJ accurately detailed Plaintiff's treatment history and noted that she was diagnosed with H. pylori in 2015—an infection that she testified was keeping her from having hip surgery (Id. citing Tr. 15). The ALJ noted that Plaintiff had a preference for chiropractic adjustments and natural supplements because she indicated that regular antibiotics upset her stomach (Id. at PageID # 2316, citing Tr. 15, 2041-45). Defendant asserts, considering Plaintiff's treatment history, the ALJ appropriately concluded that Plaintiff was not persistent in seeking treatment for the H. pylori infection (Id. at PageID # 2314-19).

2. Discussion

The RFC finding is an Administrative Law Judge's ultimate determination of what a claimant can still do despite her physical and mental limitations. 20 C.F.R. §§ 404.1545(a), 404.1546(c); Rudd v. Comm'r of Soc. Sec., 531 F. App'x 719, 728 (6th Cir. 2013) (the Commissioner is ultimately responsible for assessing a claimant's RFC). An Administrative Law

Judge makes this finding based on a consideration of medical opinions and all other evidence in the case record. 20 C.F.R. §§ 404.1529, 404.1545(a)(3), 404.1546(c). Medical opinions expressing functional limitations imposed by a claimant's physical or mental impairments can be generated by treating physicians or psychologists, consultative examining physicians or psychologists, state agency physicians or psychologists who reviewed the claimant's medical records, or medical experts who testify at hearings before an Administrative Law Judge. 20 C.F.R. §§ 404.1502, 404.1513(a)(2), 404.1513a(b), 404.1527, 404.1545(a)(3). Thus, in making the RFC finding, an Administrative Law Judge must necessarily assign weight to the medical source statements in the record and assess the claimant's subjective allegations. 20 C.F.R. §§ 404.1527(c), 404.1529(a).

Notably, a claimant's subjective statements will not, taken alone, establish that she is disabled; there must be medical signs and laboratory findings which show the existence of a medical impairment that could reasonably be expected to give rise to the pain and other symptoms alleged. 20 C.F.R. § 404.1529(a). In determining whether a claimant suffers from debilitating pain and other symptoms, the two-part test set forth in Duncan v. Sec'y of Health & Human Servs., 801 F.2d 847, 853 (6th Cir. 1986), applies. First the Administrative Law Judge must examine whether there is objective medical evidence of an underlying medical condition. If there is, then the Administrative Law Judge must determine: "(1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such severity that it can reasonably be expected to produce the alleged disabling pain." Id. When, as in this case, the reported pain and other symptoms suggest an impairment of greater severity than can be shown by objective medical evidence, the

7

Administrative Law Judge will consider other information and factors which may be relevant to the degree of pain alleged. 20 C.F.R. §§ 404.1529(c)(3). A claimant's level of daily activity is a factor that the Administrative Law Judge may consider in determining the extent to which pain and other symptoms are of disabling severity. 20 C.F.R. § 404.1529(c)(3)(i); Bogle v. Sullivan, 998 F.2d 342, 348 (6th Cir. 1993); Blacha v. Sec'y of Health & Human Servs., 927 F.2d 228, 231 (6th Cir. 1990) (As a matter of law, the Administrative Law Judge may consider household and social activities in evaluating complaints of disabling pain.). The frequency that the claimant has sought treatment for the allegedly disabling pain and other symptoms is a factor that may also be considered in assessing her subjective complaints. 20 C.F.R. § 404.1529(c)(3)(v). Another factor that may be considered by the Administrative Law Judge is whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between the claimant's statements and the rest of the evidence. 20 C.F.R. § 404.1529(c)(4). Yet another factor that may be considered by the Administrative Law Judge is the medication used to alleviate the alleged pain or other symptoms. 20 C.F.R. § 404.1529(c)(3)(iv).

In the context of assessing Plaintiff's RFC, the ALJ provided a brief, but accurate, summary of Plaintiff's testimony during the administrative hearing (*compare* Tr. 13-14 *and* Tr. 47-73). Next, the ALJ concisely discussed the medical evidence concerning Plaintiff's lower back condition, her hips, right knee, and H. pylori (Tr. 14-15 citing Tr. 280-351, 352-415, 420, 513-16, 556-61, 716-36, 758-62, 1998-99, 2049-51).

The ALJ pointed out that Plaintiff's statements were inconsistent with the objective medical evidence of record (Tr. 15). For example, although Plaintiff was diagnosed with H. pylori in 2015 and Plaintiff testified that the infection prevents her from having the needed hip

surgery, the evidence showed Plaintiff had not been persistent in seeking treatment for the infection (Id.). The ALJ observed that instead of seeking appropriate treatment for the H. pylori infection, Plaintiff pursued chiropractic adjustments and natural supplements because antibiotics upset her stomach (Id. citing Tr. 2014-45). Further, the ALJ recognized that Plaintiff had not followed up on referrals to an orthopedic surgeon as directed (Id.). The ALJ also found that Plaintiff had tested negative for deep vein thrombosis in the lower extremities (Id. citing Tr. 588-600). The ALJ pointed out that Plaintiff's right knee pain was attributed to mild osteoarthritis, and the treatment records indicated Plaintiff heard a "pop" while running (Id. citing Tr. 1998-99). The ALJ also pointed out that medical records in March 2017 and January 2018 indicated Plaintiff had a normal gait, station, and muscle mass (Id. citing Tr. 716036, 758-62). Further, the ALJ recognized that a DEXA scan in March 2018 was normal (Id.). Additionally, the ALJ pointed out that despite having the above impairments, Plaintiff reported being able to perform household chores such as preparing fast, easy foods, washing a few dishes, shopping for groceries, and attending church services occasionally (Id. citing Tr. 244-48).

      Contrary to Plaintiff's assertion, the ALJ provided good reasons why she concluded that Plaintiff's subjective statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record. Further, the ALJ did consider that Plaintiff's orthopedic surgeon, Dr. Kregor, wanted the H-pylori bacterial infection resolved before he would perform the hip surgery. The ALJ also considered the records from the infectious disease specialist, Dr. Frazee, and the gastrointestinal specialist, Dr. Cai Wen, indicating the H-Pylori bacterial infection persisted despite antibiotic treatment. But the ALJ recognized that rather than diligently pursuing additional antibiotic treatment, Plaintiff

instead opted for chiropractic adjustments and natural supplements which only delayed a resolution of her H-pylori bacterial infection and, correspondingly, her hip surgery. Equally important, the ALJ's findings are supported by substantial evidence in the record and comport with applicable law. *See* 20 C.F.R. § 404.1529(c); SSR 16-3p, 2017 WL 5180304 at *7-8 (March 16, 2016). In sum, Plaintiff is not entitled to relief under this challenge to the ALJ's RFC determination set forth in Finding No. 5.

### Finding No. 6

1. Arguments of the Parties

Next, Plaintiff asserts it was clear error for the ALJ not to issue a fully favorable GRID ruling in this case based on her advanced age of 58, lack of transferable skills, an RFC for light work, and her 22 years of work at Swedish Match (DN 13; DN 13-1 PageID # 2287-88).

Defendant contends that substantial evidence supports the ALJ's step four finding that she can perform her past relevant work as a customer order clerk (DN 19 PageID # 2319-). Defendant argues because the determination at step four is reasonable, the Grid Rules which apply at step five are not applicable to Plaintiff's case (Id.).

2. Discussion

The Court will begin with Plaintiff's use of the "clear error" standard in her argument. The "clear error" standard applies when a district judge reviews a magistrate judge's report and recommendation to which no timely objection has been filed. *See* Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); Mitchum v. Saul, No. 2:19-CV-02533-JPM-dkv, 2020 WL 1493482, at *1 (W.D. Tenn. March 27,

2020); Samona v. Comm'r of Soc. Sec., No. 15-CV-11713, 2018 WL 2159893, at *1 (E.D. Mich. May 10, 2018). The "clear error" standard also applies when a party moves a district court to alter or amend its judgment under Fed. R. Civ. P. 59(e). See Moore v Berryhill, No. 4:17-CV-00091-HBB, 2018 WL 2197974, at *1 (W.D. Ky. May 14, 2018). Neither situation exists here. Instead, Plaintiff is utilizing the "clear error" standard in her challenge of the final decision of the Commissioner (DN 1). But the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence" and whether the correct legal standards were applied. See 42 U.S.C. § 405(g); Gayheart v. Comm'r of Soc. Sec., 710 F.3d 365, 374 (6th Cir. 2013); Cole v. Astrue, 661 F.3d 931, 937 (6th Cir. 2011)). Thus, the Court declines Plaintiff's invitation to apply the "clear error" standard.

Finding No. 6 is a step four determination whether Plaintiff can return to her past relevant work. At this step in the sequential evaluation process, Administrative Law Judges use the claimant's RFC to determine whether she can return to her past relevant work. 20 C.F.R. § 404.1520(e). The relevant inquiry is whether the claimant can return to her *past type of work* rather than just her past job. Studaway v. Sec'y of Health & Human Servs., 815 F.2d 1074, 1076 (6th Cir. 1987). To support a finding that a claimant can perform her past relevant work, Administrative Law Judges must explain why the claimant can perform the demands and duties of her past job as actually performed, or as ordinarily required by employers throughout the national economy. See Studaway, 815 F.2d at 1076; *see also* 20 C.F.R. § 404.1565; SSR 82-61. The claimant has the burden to show an inability to return to a past relevant job, Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980), or to prove that a past job should not be considered relevant. Smith v. Sec'y of Health & Human Servs., 893 F.2d 106, 109-10 (6th Cir. 1989).

Most of Plaintiff's challenge to Finding No. 6 fails because, as explained in the preceding sections, the RFC in Finding No. 5 is supported by substantial evidence in the record and comports with applicable law. To the extent Plaintiff relies on the Grid Rules in Appendix 2 of the regulations, her argument fails because the Grid Rules are utilized at the fifth step when evaluating a claimant's ability to engage in substantial gainful activity other than her vocationally relevant past work. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, Section 200.00. For the above reasons, Finding No. 6 is supported by substantial evidence in the record and comports with applicable law.

Timely Decision

1. Arguments of the Parties

Plaintiff argues the ALJ failed to issue a decision in a timely manner, resulting in undue prejudice and harm to Ms. Belcher (DN 13; DN 13-1 PageID # 2287-88). Plaintiff points out she filed her application on September 15, 2016, the hearing was conducted nearly two years later on June 8, 2018, and the ALJ issued a decision more than nine months later on March 20, 2019 (Id.). Plaintiff asserts the ALJ's memory of her case could not have been fresh (Id.). Plaintiff contends her ability to pursue an appeal in this case and file a new application were prejudiced by the nine-month delay (Id.). Plaintiff emphasizes the nine months of medical documentation created during the time frame between the hearing and issuance of the decision (Id.). Plaintiff argues that these records may never be seriously considered by any Administrative Law Judge as a result of *res judicata* and her new alleged onset date of March 21, 2019 (Id.).

Defendant asserts that Plaintiff has not cited any case law or policy supporting her argument (DN 19 PageID # 2322-24). Further, Plaintiff has not identified any evidence the ALJ failed to consider in rendering the decision (Id.).

Discussion

The ALJ conducted the administrative hearing on June 8, 2018 and issued the decision on March 20, 2019 (Tr. 30-84, 10-16). This means the decision issued nine months and 12 days after the administrative hearing. While Plaintiff alleges her health declined during this time frame, she did not ask the ALJ for leave to submit additional medical evidence. And, when Plaintiff requested Appeals Council review, she did not raise this claim (Tr. 276-79). Although Plaintiff raised the claim here, she failed to cite any law or policy supporting her argument and has not substantiated her bare assertions of prejudice with records of medical treatment received during the nine months and 12 days.[2] Additionally, the Court has not found any case law holding that claimants have a due process right to have an administrative law judge decision within six months of the administrative hearing. Cf. Heckler v. Day, 467 U.S. 104, 119 (1984) (federal courts cannot prescribe mandatory deadlines for processing Social Security disability claims); McDonald v. Astrue, 465 F. App'x 554, 556 (2d Cir. 2012) (no due process right to have an application adjudicated in less than 270 days); Littlefield v. Heckler, 824 F.2d 242, 247 (3d Cir. 1987) (nine month delay between issuance of a recommended decision and the Appeals Council's issuance of a final decision does not violate due process). In sum, Plaintiff's argument is without merit because she has not demonstrated the ALJ's decision is contrary to applicable law merely because it issued nine months and 12 days after the administrative hearing.

---

2 The Court could have considered such evidence for the limited purpose of determining whether a prejudgment remand under sentence six of 42 U.S.C. § 405(g) is appropriate. Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Faucher v. Sec'y of Health & Human Servs., 17 F.3d 171, 174-175 (6th Cir. 1994).

Conclusion

As the Court noted previously, "[a]s long as substantial evidence supports the Commissioner's decision, we must defer to it, even if there is substantial evidence in the record that would have supported an opposite conclusion." Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004). Regardless of how this Court may view the evidence, it is not this Court's place to re-try or re-evaluate the findings of the ALJ. 42 U.S.C. § 405(g). Rather, this Court is only to find if substantial evidence exists to support the ALJ's decision and if the ALJ followed the applicable law. (Id.). After reviewing the record, the Court concludes that the ALJ's determination is supported by substantial evidence in the record and correctly followed the applicable law. Therefore, Plaintiff is not entitled to relief with regard to her challenge.

ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that judgment is **GRANTED** for the Commissioner.

Copies:     Counsel